The President
delivered the opinion of the Court.
The debt claimed by the appellee originated before the year 1776. The only evidence respecting a quantity of molasses delivered by him to the distillery at' Norfolk, on account of the appellant, is, his own books and oath.
The appellant, in his answer, having denied that this article was delivered by his direction, the oath and books of the appellee, (in no case admissible, to charge a person with goods delivered by order to a third person, unless such order be otherwise proved,) ought not to have been admitted as evidence to prove that article. And as there is no other testimony to charge the appellant therewith, except his own admission, and a consent to be charged upon certain conditions, it ought to be made upon the terms of that concession, and should operate only so far against him.
Another charge exhibited by the appellee, is of sugar and wine delivered on board a vessel of the appellants, to the master thereof, for safe keeping; and this is proved by an entry on the books of the appellee, made by his clerk, who is not now to be found; together with the oath of the appellee to ascertain the quantity. This sort of evidence, though admissible *219 in the ease of a sale and delivery of goods, is not proper in this case to charge the appellant with those artides, delivered for safe keeping, to the master of the appellant’s vessel; since there is no evidence that any part of them came to his hands, except what the answer admits; and, therefore, this admission ought to be the rule by which the charge should be regulated.
As to the question of interest, this Court, without controverting the general principles stated in the decree, are of opinion, that as the accounts in question were unliquidated, and disputed between the parties, they might have been adjusted, (notwithstanding the absence of the appellant,) with George Kerr, his partner or agent; or, if such a connection were doubtful, an attachment bill might have been filed at any time for that purpose.
Under these circumstances, interest ought not to commence, but from the institution of this suit.
Deci'ee reversed.